ANTONIO MÁRQUEZ ARBONA, ETC., ET AL., Plaintiffs and Appellants, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. O-69-152.     Decided November 12, 1969.

*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for appellee. *Francisco M. Susoni* for appellants.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

(On Motion To Dismiss)

The Secretary of the Treasury requested the dismissal of the present appeal relying on the provisions of § 272 (a) (9) of the Income Tax Act of 1954—Act No. 91 of June 29, 1954—13 L.P.R.A. § 3272 (a) (9).

The record of this case shows that the following facts took place in the trial court:

(1) On February 17, 1969, the trial court rendered judgment sustaining deficiencies determined by the Secretary of the Treasury against taxpayer Antonio Márquez Arbona and others. This judgment was notified and the copy of said notice was filed in record on February 18, 1969.

(2) On March 4, 1969, the taxpayer requested the reconsideration of the judgment, reconsideration which was denied on March 7.

(3) On March 5, the Secretary of the Treasury filed the computation of the tax to be paid according to the judgment rendered by the trial court.

(4) On March 12, the taxpayer filed a *notice of appeal,* stating only that feeling aggrieved by the judgment rendered, he appealed from said judgment before the Supreme Court of Puerto Rico in accordance with "§ 272 (b) (2), (3), and (4)."

(5) On that same date, the taxpayer filed an opposition to the computations submitted, and he also requested to be allowed to prosecute his appeal under the bond he had already filed to resort originally to the court.

(6) The transcript of the Minutes of the proceedings had on April 10, 1969 appears from the original record. Said transcript of the Minutes, insofar as pertinent says:

"No objection having been filed concerning the mathematical computation of the deficiency, the court approves the computation in open court. Attorney Ríos Martínez is thus notified of this fact; however, it is provided that a copy of the minutes be sent to him to this effect."

Thereinafter the following note appears: "Notified: Attorney F. M. Susoni, Box 375, Arecibo, Puerto Rico 00612—Attorney Juan José Ríos Martínez, Department of Justice, San Juan, Puerto Rico."

(7) In addition to the aforementioned sheet containing the minutes, there is no ruling or any document in the record subscribed to by the judge approving the computations.

■■ It is unquestionable that the notice of appeal filed by the taxpayer on March 12, 1969 was untimely inasmuch as at that moment there was no final judgment rendered by the trial court from which appeal could be taken.[1] Besides the fact that said notice of appeal was untimely, it did not grant jurisdiction to the court pursuant to the provisions of Act No. 115 of 1958 and to Rule 53.2 of the Rules of Civil Procedure. Neither could said notice of appeal be considered as a petition for review under § 14(f) of the Judiciary Act because said notice is untenable. Even if it were considered as a petition for review, such petition would have been likewise untimely on the same grounds that there was no final judgment.

Section 272(a)(9) of the Income Tax Act of 1954 provides the following procedure when the trial court has upheld deficiencies against taxpayer:

---

[1] See: Act No. 115 of June 26, 1958 amending § 14 of the Judiciary Act of 1952.

"The final judgment of the Superior Court entered on the merits of the deficiency may be appealed in the manner and within the period provided by law to appeal to the Supreme Court from the final judgment of the Superior Court, subject however, to the additional requirements imposed by subsection (b) of this section; Provided, nevertheless, That in those cases in which the final judgment of the Superior Court determines the existence of a deficiency the Secretary shall be ordered to file a computation of the tax in accordance therewith and said judgment *shall not be considered final, and the appeal shall not commence for the parties affected until the date of the filing in the record of the notice to the taxpayer and the Secretary of the resolution of the Superior Court approving the computation of the tax determined by said Court.*" (Italics ours.)

■ As it can be noticed, for the purpose of the starting point of the term covered by the jurisdictional period within which appeals may be taken before the Supreme Court for cases of this nature, by way of appeal or review, the lawmaker granted to the *resolution* of the trial court approving the tax computation determined by it, identical treatment as that granted by Rule 53.1 (b) and in the former legislation, to a final judgment in all the other litigations.

■ The petition for appeal or review in this kind of controversy imposes upon appellant or petitioner the performance of special conditions as stipulated in § 272 (b) (2), (3), and (4), among them, the payment of the determined deficiency or the filing of a bond. Hence, the importance and necessity of the computation, because the payment of the deficiency, or bond, determined by the judgment of the court in a smaller amount, would result in the dismissal of the appeal in second instance for lack of jurisdiction. Hence, the lawmaker did not give finality to the judgment until the court would rule as to the exact deficiency to be paid by approving the computation it orders to be filed; and, for the protection of the appellant taxpayer, would invest the *resolution* approv-

ing the computation with the same hierarchy of a final judgment in the other proceedings, and would require that copy of the notice of said *resolution* be filed in the record as the final action and starting point for counting the term for appeal.

The mere notice to the parties of the Minutes of the proceedings, where, in open court, the judge approved the computation, fails to fulfill the legal principle provided by § 272.(a) (9) concerning the commencement of the term for appeal.

On the grounds stated it is obvious that this appeal should be dismissed for lack of jurisdiction. Since it appears from the record that still at this moment the judgment rendered is not final, it is remanded to the trial court for it to proceed to render the final judgment pursuant to the clear procedure established by § 272 (a) (9) above-copied, and so that any of the affected parties may exercise its legal rights upon the review of said judgment in the proper manner.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Blanco Lugo concurs in the result.